811 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED PAPERWORKERS INTERNATIONAL UNION AND ITS LOCAL NO.
943, AFL-CIO, CLC, Plaintiff-Appellant,
v.
WHEATON INDUSTRIES d/b/a Wheaton Plastic Container Company,
Defendant-Appellee.
 No. 85-6090.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1986.
 
 Before KEITH and GUY, Circuit Judges, and EDGAR, District Judge.*
 PER CURIAM:
 
 
 1
 The appellant United Paperworkers International Union and its Local No. 943, AFL-CIO, CLC ("Union") brought suit under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, to enforce an arbitration award under a collective bargaining agreement between the Union and appellee Wheaton Industries d/b/a Wheaton Plastic Container Company ("Wheaton"). Wheaton counterclaimed, requesting that the district court vacate the arbitrator's award. The district court granted summary judgment to Wheaton on its counterclaim and dismissed the Union's suit on the ground that the arbitrator's decision did not draw its essence from the collective bargaining agreement. The Union appeals. We affirm the district court.
 
 
 2
 Wheaton manufactures plastic products, including automobile shock absorber covers called "boots." There had been a quality control problem at Wheaton's plant in that Wheaton had received at least one complaint from a customer about defective boots. The grievant, Deborah Bell, got into a dispute with another employee, Deborah Mann, after Mann complained to a "quality control supervisor" that Bell and another employee on the packing line were packing defective boots. Wheaton had warned its employees that the packaging of defective boots would lead to termination. The argument between Bell and Mann concluded with Bell challenging Mann to meet her at the "top of the hill" outside the plant after their shift. When the shift ended, at approximately 8:00 a.m., Bell followed Mann to the parking lot where she struck Mann. Bell and Mann then grabbed each other's hair and a brief scuffle ensued. A supervisor broke up the fight and both employees left.
 
 
 3
 After what the arbitrator called a "rather thorough investigation," Wheaton concluded that Bell was the aggressor and must be discharged. In reviewing the discharge, the arbitrator agreed with Wheaton's finding that Bell had started the fight, stating that "it must be said that the Grievant has engaged in misconduct in violation of legitimate plant rules and that [as] such the company must impose discipline for misconduct." However, the arbitrator disagreed with Wheaton's choice of discipline. Without explicitly referring to any particular provision of the collective bargaining agreement, the arbitrator concluded that:
 
 
 4
 [T]he penalty of discharge in this case is excessive when one considers the background giving rise to the assault, the seriousness of the assault itself, and the fact that several other people were involved in this incident who could have taken action to defuse this situation failed to do so. A combination of these considerations has led the Arbitrator to the conclusion that discharge is too severe.
 
 
 5
 Instead of discharge, the arbitrator awarded Bell a thirty day suspension.
 
 
 6
 It is well settled that an arbitrator must apply the agreement which he has before him. Accordingly, an arbitrator may reduce the measure of discipline which an employer has carefully administered only when the collective bargaining agreement can fairly be said to give him that authority. Morgan Services, Inc. v. Local 323, Chicago and Central States, 724 F.2d 1217, 1222 (6th Cir.1984). The management rights clause of the collective bargaining agreement (Article 6) in the present case provides in relevant part that:
 
 Management rights include the following:
 
 7
 ....
 
 
 8
 (b) To establish, amend, and enforce reasonable Plant Rules.
 
 
 9
 (c) To reprimand, suspend, discharge, and otherwise discipline employees for just cause.
 
 
 10
 The work rules which Wheaton has established under this management rights clause provide that:
 
 
 11
 Employees are expected to abide by the following work rules together with all other proper standards of conduct. Any employee who fails to comply with these work rules or other commonly accepted standards of conduct shall be subject to disciplinary action including discharge.
 
 
 12
 ....
 
 
 13
 Fighting or threatening bodily harm in any manner is prohibited.
 
 
 14
 The guideline for court review of an arbitration decision was succinctly stated by the United States Supreme Court:
 
 
 15
 [A]n arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award.
 
 
 16
 United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 597 (1960). Under this narrow scope of review of an arbitration decision, a reviewing court is to determine only if the arbitrator's decision "draws its essence from the collective bargaining agreement." In this case, the arbitrator did not seek to confine his conclusion to what may have been permitted by the agreement. He appears to have assumed that the discharge was "excessive" or "too severe." He made no determination that the action taken by the employer was not for "just cause." It cannot be said, therefore, that the arbitrator's decision was in conformance with the collective bargaining agreement. This Circuit has reached this same conclusion on similar language in other collective bargaining agreements. Morgan Services, Inc., 724 F.2d at 1222; Int'l Bhd. of Firemen & Oilers v. Nestle Co., Inc., 630 F.2d 474 (6th Cir.1980); Local 342, United Automobile Workers v. T.R.W., Inc., 402 F.2d 727 (6th Cir.1968), cert. denied, 395 U.S. 910 (1969).
 
 
 17
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennessee, sitting by designation